FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

11 NOV -1 PM 3:44

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| AAA RESOURCE GROUP, LLC d/b/a )<br>AAA MATTRESS AND FURNITURE )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>THE CITY OF MISHAWAKA; )<br>CITY OF MISHAWAKA VIOLATIONS )<br>BUREAU; )<br>KENNETH B. PRINCE, in his official )<br>Capacity as City Planner; )<br>PEG STRANTZ, in her official capacity )<br>As Associate City Planner; and )<br>DEBORAH S. (Ladyga) BLOCK, in her )<br>official capacity as Mishawaka City Clerk; )<br>City of Mishawaka Violations Bureau and )<br>Department )<br>)<br>)<br>Defendants. ) | Case No: __3:11CV 428__ |

### VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

For its Complaint against the Defendants, the Plaintiff, AAA Resource Group d/b/a AAA

Mattress and Furniture, ("AAA"), states as follows:

### Nature of the Action

1.      This is a land use and property use case.  Plaintiff, AAA, alleges violations of its

Due Process and Equal Protection rights under the "Class in One" legal theory.  The plaintiff

owns and operates a small "mom and pop" furniture retail store in Mishawaka, Indiana.  On

numerous occasions, the City of Mishawaka ("City"), by and through, Peg Strantz, wrote sign

ordinance violations for a trailer that AAA uses to transfer merchandise to and from their

warehouse.  The trailer, licensed through the Indiana Bureau of Motor Vehicles, displays their name and telephone number on its sides and it is often docked in front of their store on the warehouse side of their business.  After receipt of each alleged violation citation, AAA followed the instructions printed on the citation by sending a certified letter denying the violation and requesting a hearing.  AAA never received a hearing, but the city continued to mail AAA citations for the same alleged offense.

Concomitant, AAA feels that they are the target of discrimination and have been harmed by being intentionally treated differently from others who are similarly situated, and there is not rational basis for the disparate treatment.  There are other businesses along the same highway corridor, as well as numerous businesses throughout the community, that are "prima facie" identical in many respects.  However, AAA believes the cause of the differential treatment is due to illegitimate animus directed toward AAA by the City of Mishawaka, through Peg Strantz, and possibly collusion with another business in order to harass AAA.  Because of this treatment, AAA has suffered economic damages and physical and emotional distress, and they would like to carry on their business without being harassed by the City.

To that end, plaintiff filed a *Complaint for Declaratory Relief* in the St. Joseph Superior Court, Cause No. 71D07-1009-PL-180.  Plaintiff has suffered a violation of its Due Process and Equal Protection rights granted to them under the clauses of the Fourteenth Amendment of the United States Constitution, and, therefore, seek removal of its case from State court to this federal court.

## Jurisdiction & Venue

2.      Jurisdiction in this case is based on federal question under 28 U.S.C. § 1331. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,001), exclusive of interest and costs.

3.      Venue is proper under 28 U.S.C. § 1391(a) (2) because all, or a substantial part, of the events giving rise to AAA's claims against the Defendants have occurred and, unless enjoined, will continue to occur within this judicial district.

## Facts

4.      AAA is a small business that sells mattresses and furniture to the general public and is organized and exists under and by virtue of the laws of the State of Indiana, and is authorized to engage in business in the State of Indiana.

5.      AAA opened its doors in late summer 2009.  AAA received a letter from Peg Strantz, Associate City Planner for the City of Mishawaka, which welcomed AAA to the business community.  The letter also outlined the rules and regulations regarding signage with an enclosure of pictures of prohibited signage along with an invitation to call the City with questions regarding signage.

6.      AAA called Ms. Strantz to schedule an appointment with Ms. Strantz to discuss the signage rules and regulations.  Ms. Strantz orally agreed to meet with AAA at the store, but she did not show up for the appointment.  After several attempts to meet with Ms. Strantz, Ms. Strantz would either fail to show for promised scheduled meetings or fail to return AAA's telephone calls.

7.      The crux of this matter is a trailer in which AAA uses to move merchandise to and from its warehouse.  The trailer has a frame with boarding on both sides and the bottom (base) in order to secure the merchandise.  The boarding displays the name of the company in letter form with the business' telephone number.  The trailer is licensed through the Indiana Bureau of Motor Vehicles and has a state issued license plate attached to it.  The trailer is not a "temporary sign" as the city alleges.

8       On or about September 24, 2009, AAA received its first notice of violation of City ordinance §129-72 of the On-Premise Sign Standards Ordinance which cited:

> Sec. 129-72. - Prohibited signs in all zoning districts.
>
> It shall be unlawful to erect or maintain:
>
> (1) Any sign which is not included in section 129-73, permitted signs by zoning district.
> (2) Off-premises signs, except as permitted in chapter 137, zoning.
> (3) Any sign which looks similar to any emergency vehicle warning light.
> (4) Any sign which looks similar to any traffic control sign.
> (5) Animated signs.
> (6) Beacon lights, except as permitted under section 129-75, temporary sign permits.
> (7) Flashing signs.
> (8) Roof signs.
> (9) Moving signs.
> (10) Obsolete signs.
> (11) Snipe signs.
> **(12) Temporary signs, except as permitted under section 129-75, temporary sign permits.**
> (13) Wind signs.
> (14) Signs which interfere with the vision clearance area of chapter 137, zoning.
> (15) Signs which project into, or are constructed on the public right-of-way without approval of the board of public works and safety and recorded with the county recorder's office.
> (16) Wall signs which block any door/window or ventilation facility, or extend above a roof eave or parapet.

(Code 1985, § 157.14; Ord. No. 3350, 1-15-1990)

9.      AAA responded to the September 23, 2009 citation by following the instructions cited on the ticket which states:

> **"If you deny this violation and would like to schedule a trial, you must either Appear before the Violations Clerk and deny the violation or enter a written denial with the clerk within one week of this citation."**

4

AAA mailed a written denial to the clerk and mailed it via the United State Postal Service, certified mail, return receipt requested. AAA did not receive a response to their hearing request from the City. As a matter of fact, AAA did not hear from the City regarding this issue until June 23, 2010 when they received the second citation.

10.     During the period of June 23, 2010 until September 21, 2010, AAA received eight citations citing the above referenced City ordinance §129-72 violation. AAA responded to each violation by sending in the same written denial via United States Postal Service, certified mail, return receipt requested as they did in September of 2009 and in compliance with the instructions of the citations. On each occasion, AAA was not granted a hearing to deny the violation.

11.     AAA argues and maintains that the trailer is not a "temporary sign" as delineated in §129-72, but it is a trailer used to move merchandise to and from the warehouse just as other businesses, large and small, move their merchandise.

12.     AAA, despite many requests for a hearing, did not receive their constitutional due process right to a hearing. Instead, the City continued to write citations for violation of the ordinance, and Peg Strantz never followed through with her initial promise to meet and discuss this matter with AAA.

13.     There are other businesses in the City of Mishawaka that have not been cited or harassed for having their trailers docked in their shipping dock, sitting in the parking lots, or situated conveniently for view near the street.

14.     On September 15, 2010, AAA filed a *Complaint for Declaratory Relief* in the Superior Court of St. Joseph County for a judicial determination as to whether they were violating city ordinance §129-72. AAA and the City mediated this matter without success. Now, AAA seeks transfer of this matter to federal court due to the constitutional violations.

5

## COUNT I
## 42 U.S.C.S § 1983 VIOLATION

15.     AAA realleges and incorporates the allegations in Paragraphs 1 through 14 of this Complaint.

16.     The City of Mishawaka and its city clerk, Debroah Block, while acting under color of state law, deprived AAA of their constitutional due process rights secured by the Constitution.  The City's issuing multiple citations to AAA for an ordinance violation and not responding to their request for a hearing is irrational and wholly arbitrary, and the City acted either with the intent to deprive AAA of their rights and/or is in reckless disregard of their rights.

17.     The City's inaction is motivated by intentional ill will and/or bad faith animus directed toward AAA.

18.     AAA has been treated differently from others similarly situated and there is no rational basis for the difference in treatment.

19.     As a result of the Defendants' failure to grant AAA a hearing, AAA has suffered and will continue to suffer immediate and irreparable injuries, losses, and damages for which there is no adequate remedy at law.

**WHEREFORE**, AAA respectfully requests that the Court enter judgment for AAA for its injuries, reasonable attorney's fees and expenses, prejudgment interest, the costs of this action, and all other just and appropriate relief or, in the alternative, plaintiff AAA requests a trial by jury.

## COUNT II
## PHYSICAL AND EMOTIONAL DISTRESS

20.     AAA realleges and incorporates the allegations in Paragraphs 1 through 19 of this Complaint.

21. Dorothy Miller, owner of AAA, has suffered physical and emotional distress due to the actions of the defendants.  Mrs. Miller has been under the care of a physician due to chest pains and anxiety.  This matter has also caused her to miss days of work and to incur medical expenses.

**WHEREFORE**, Dorothy Miller respectfully requests that the Court enter judgment for Mrs. Miller for her physical and emotional pain and suffering.  Dorothy Miller requests that the Court award Dorothy Miller reasonable attorneys' fees and expenses.  Dorothy Miller further requests that the Court award Dorothy Miller prejudgment interest, the costs of this action, and all other just and appropriate relief, or, in the alternative, plaintiff AAA requests a trial by jury.

## VERIFICATION

I do hereby swear and affirm, under the penalties of perjury, that I have read this Complaint and that the facts alleged in this Complaint are true and based on my own personal knowledge.

_Dorothy Miller_
Dorothy Miller
Owner of AAA Resource Group, LLC.,
d/b/a AAA Mattress and Furniture, Plaintiff


STATE OF INDIANA                    )
                                    )
COUNTY OF ST. JOSEPH                )


Before me, the undersigned, a Notary Public in and for said county and state, on this 28th day of October 2011, personally appeared Dorothy Miller, who, under oath, affirmed the facts alleged in this Complaint, and then signed the Complaint on the line above her typed name and title on this page.

WITNESS, my hand and Notarial Seal.

Notary Public
County of _St. Joseph, Indiana_
My Commission expires: _10/12/2019_

Shalishah Patrick
Resident Of
St. Joseph County
My Commission Expires:
10/12

Date: _____

Respectfully submitted,

_____
Elton D. Johnson (28987-71)
Elton D. Johnson and Associates, P.C.
205 West Jefferson Street
Suite 605
South Bend, Indiana 46601
Telephone: 574.252.0856
Facsimile: 574.968.0770
Email: ej@ejandassociates.com
*Attorneys for the Plaintiff*